DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 271 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Andre Martin, | ) ) | |
| Defendant. | ) | |

## I. Introduction

The Court conducted the sentencing hearing of the defendant Andre Martin. The Court determined that the defendant's total offense level was 34 with a criminal history category of VI calling for a sentencing range under the advisory sentencing guidelines of 262 to 327 months with a mandatory minimum sentence of 240 months. The Court found, after analyzing the sentencing factors that a downward variance to a sentence of 240 months was appropriate, together with a period of supervised release for a period of ten years.

## II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1:06 CR 271)

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The offense conduct is set forth in paragraphs seven through ten of the presentence report as follows:

> The following information was obtained from the Indictment. Additional information regarding the defendant's offense conduct was received from the U.S. Attorney's office.
>
> In April of 2006, an agent of the DEA and a Cleveland Police Department Detective initiated an investigation of the defendant who was implicated in drug trafficking activity by various sources, including the CMHA Police and a confidential source.
>
> Surveillance by the officers was established of the defendant in late April and the officers observed the defendant engage in a number of drug transactions near the corner of West 28th Street and Detroit Avenue. The surveillance also linked the defendant to an apartment at 2762 Loop Avenue, which the defendant was utilizing as a "stash house." On May 1, 2006, a controlled purchase of 3 grams of crack cocaine from the defendant was made by a confidential informant. On May 2, 2006, a telephonic contact was made with the defendant and a confidential informant ordered $160 worth of crack cocaine. A search warrant of the Loop Avenue residence was obtained and the defendant was arrested prior to the drug buy. The defendant agreed to cooperate and led the officers to his uncles [sic] apartment, which was searched. Located in a bedroom closet were two loaded handguns, which he admitted were his. The defendant also told officers he had a white bag which containing [sic] crack cocaine, other drugs, and $3,200. The bag was located but did not contain the above items and the defendant hypothesized his girlfriend took the items.
>
> The defendant also related he stored some drugs and money at his uncles [sic] residence located at 1300 Crestline Avenue. The defendant and his uncle consented to the search of the residence, which was conducted. Inside a Cavalier's jacket was 140 grams of crack cocaine and $1,700, and the defendant was subsequently taken into custody.

2

(1:06 CR 271)

The defendant's acceptance of responsibility is set forth in paragraph 14 of the presentence report as follows:

> *"On May 2, 2006, I was arrested West 25, Cleveland, Ohio, attempted drug sale. I was cooporative with law enforce when they firearms and drugs in some locations that I was associated with. I'm sorry for my actions and the pain this has cause my family."* [sic]

The defendant was born in Birmingham, Alabama, on June 1, 1977. He is presently 29. The defendant's mother reports that his father was not involved in the defendant's life and she does not know where he resides. The defendant was the only child born to the relationship of his mother and his father. He has had no father figure in his life. When the defendant was eight, he and his mother moved from Birmingham, Alabama to the Cleveland, Ohio area. When the defendant was nine years old, he witnessed another woman shoot his mother three times and threatened to kill the defendant. The shooting of the defendant's mother led him to believe that he should be armed to protect himself and his mother. The defendant has never married but has two children. The defendant was living with his mother at the time of his arrest. The defendant admits that he has been smoking marijuana since he was 21, but denies using any other drugs and does not believe he has a problem with marijuana. He also indicates that he does not drink alcohol. The defendant completed the eleventh grade at East High School in Cleveland, and subsequently took the GED test but does not know whether he passed. The defendant has a limited employment experience having worked as a laborer from 2002 to 2003.

**(2) The Need for the Sentence Imposed**

   **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

3

(1:06 CR 271)

The possession of cocaine base crack with the intent to distribute and the possession of a firearm by a convicted felon are both serious offenses which require lengthy sentences to promote respect for the law and to provide just punishment.

**(B)  to afford adequate deterrence to criminal conduct;**

A sentence to 240 months as required by the mandatory minimum provisions of the sentencing statute obviously provides adequate deterrence to criminal conduct.  The Court's frustration with pronouncing sentences of that length is the lack of any significant publicity describing the sentence, and so the length of the sentence probably does not afford adequate deterrence except for the limited group of person who have personal knowledge of the defendant and are aware of the severity of the sentence.  It is the Court's impression that there is still wide disbelief in the community about the likelihood of the extraordinary sentences imposed in such situations such as the one at hand.

**(C)  to protect the public from further crimes of the defendant;**

The defendant is now 29 and will probably be in his mid 40's when he is released from incarceration.  By that time his mother, his primary support person, may well be deceased.  Whether the defendant will be able to develop a support system to replace his mother is questionable.  Absent a meaningful support system, the Court is not certain that the lengthy sentence in this case will protect the public from further crimes of the defendant, given his history of recidivism.  However, it is the Court' observation that many incarcerated prisoners, when finally released from prison in their mid 40's, are less likely to engage in further crimes.

(1:06 CR 271)

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant has a better chance of becoming a productive citizen upon release from incarceration if he has taken advantage of educational and vocational opportunities while incarcerated. However, it will be for the defendant to decide whether he wishes to take advantage of those opportunities. The defendant does not have a serious drug problem, nor does he appear to have a problem with alcohol. The defendant appears to be in good health.

## Conclusion

The Court is of the view that a sentence of 240 months as required by the mandatory minimum sentencing provisions, will constitute a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). Consequently, the Court has chosen to vary downward from the minimum of 262 months under the advisory guideline calculation to a sentence of 240 months with supervised release for ten years.[1]

IT IS SO ORDERED.

| | |
|---|---|
| May 4, 2007 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[1] But for the mandatory minimum requirement of 240 months, the Court would vary downward to a sentence of less than 240 months.