DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andre Martin, | ) | |
| | ) | CASE NO. 1:08 CV 2743 |
| Petitioner, | ) | (Criminal Case No. 1:06 CR 271) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On July 2, 2012, the petitioner, Andre Martin, filed a *pro se* motion requesting reconsideration of this Court's June 15, 2012 ruling (ECF 115) denying the petitioner's previously filed motion for relief.

In support of his motion for reconsideration, Andre Martin, in his *pro se* capacity, alleges, in part, as follows:

> "COMES NOW, the Petitioner, Andre Martin, appearing this day pro se and without the aid of counsel, pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, who respectfully moves this Honorable Court for reconsideration of the Court's June 15, 2012 memorandum Opinion (Doc. 115) denying Petitioner's May 14, 2012 Fed.R.Civ.P. 60(b)(3) "Amended Motion for Relief from 7/21/2009 Order and Judgment" (Docs. 3 and 4), and avers the following in support:
>
> "1.  In his underlying Fed.R.Civ.P. 60(b)(3) motion, Petitioner argues that he is entitled to relief from the Court's July 21, 2009 Order denying his 28 U.S.C. §2255 Motion to Vacate, because the government perpetrated fraud upon the Court in fraudulently denying any knowledge of DEA Agent Lee Lucas's misconduct and/or the internal investigation of Agent Lucas's misconduct at the time Petitioner was contemplating entering a guilty plea in this criminal matter.

(1:08 CV 2743)

"2.  This Honorable Court denies Petitioner's 60(b)(3) Motion on the Ground that "[A] review of appendices III, IV, and V reveals that at no time did the defendant Andre Martin contend that DEA Agent Lee Lucas had in any way engaged in misconduct with respect to his arrest and the subsequent search ..."  See (Doc. 115 at p.2, ¶4).

"3.  Petitioner maintains that reconsideration is necessary, pursuant to Rule 52(b) and 59(e) of the Federal Rules of Civil Procedure, because the Court overlooks the fact that Petitioner did, in fact, contend that DEA Agent Lee Lucas had engaged in misconduct with respect to his arrest and the subsequent search.  specifically, see Appendix V (Sentencing Transcripts) at Page 16, Line 16, wherein the government advised the Court as follows:

ASSISTANT U.S. ATTORNEY JOSEPH SCHMITZ: "It is my understanding, Your Honor, that he (Petitioner) accused the agents of misconduct ..."  See also, attachment #8 / EXHIBIT 6 to Petitioner's Rule 60(b)(3) Motion.

"4.  Based upon the clear statement of the prosecutor made at the sentencing hearing, Petitioner contends that clearly the record contains his contention of DEA Agent Lee's misconduct, and that reconsideration of the underlying Rule 60(b)(3) Motion is warranted herein.

"5.  WHEREFORE, for all of the foregoing reason, Petitioner prays this Honorable Court grant the relief sought herein, reconsider the June 15, 2012 memorandum opinion, and thereafter grant Petitioner's Rule 60(b)(3) Motion for Relief Alleging Fraud Upon The Court and any additional relief the Court deems appropriate at this juncture."

### The Court's Ruling

The Court acknowledges that at the time of the sentencing of Andre Martin the record of

the sentencing hearing (*see* ECF 111-5) indicates as follows:

In early March of this year, Your Honor, we're into 2007 now, I

2

(1:08 CV 2743)

>dispatched Special Agent Lee Lucas in the case and I believe some of the other individuals he has worked with to debrief or further debrief Mr. Martin in anticipation of substantial assistance departure motion.
>
>The focus of that debriefing, Your Honor, was going to be at least in a large part on the 19 defendant case pending before Judge Wells.  Essentially, Your Honor, Mr. Martin told us to go take a hike.  He refused to provide any information.  He indicated he did not want to testify.
>
>It is my understanding, Your Honor, that he accused the agents of misconduct and also indicated that he didn't think that this was a federal case and should have been prosecuted in the state forum.

The key issue in the prosecution of the petitioner was the seizure of controlled substances from the defendant Andre Martin.  The primary government witness was Lee Lucas.  Counsel for the defendant filed a motion to suppress.  The only witness used by the government during the suppression hearing was Lee Lucas.  A review of the transcript of the suppression hearing fails to indicate that at any time counsel for the defendant or the defendant himself challenged the credibility of Lee Lucas.  Furthermore, after the government rested its case with respect to the defendant's motion to suppress, the defendant, Andre Martin, was given the opportunity to testify. The transcript of the suppression hearing indicates as follows (ECF 64):

>THE COURT:  You may proceed with your defense, Mr. Ivey, in support fo the motion to suppress.
>
>MR. IVEY:  Your Honor, we have no evidence to put on.
>
>THE COURT:  Well, Mr. Martin, I want to make sure you understand that if you wish to put on testimony now in support of your motion, now is the opportunity.  Do you understand?
>
>THE DEFENDANT:  Yes.

(1:08 CV 2743)

>THE COURT:  Do you understand it's your choice as to whether you testify about this?
>
>THE DEFENDANT:  Yes, sir.
>
>THE COURT:  You can rely on the advice of your counsel, and certainly I don't discourage you from relying upon his counsel, but the one thing I don't want to hear later in the event you're convicted that you really wanted to testify but Mr. Ivey wouldn't let you testify because you had every right to testify now if you want to.  And if you wish to dispute the testimony of the agent, now is your opportunity.  Do you understand?
>
>THE DEFENDANT:  Yes, sir.
>
>THE COURT:  Is it your wish not to testify?
>
>THE DEFENDANT:  I'm not going to testify.

At no time during the suppression hearing did Andre Martin raise nor did the Court consider the truthfulness of the testimony of Lee Lucas.

Consequently, the subsequent prosecution of Lee Lucas in no way provides Andre Martin with the opportunity to now challenge the testimony of Lee Lucas as the defendant did not challenge the accuracy of the testimony of Lee Lucas during the suppression hearing.

Consequently, the motion for reconsideration filed by Andre Martin in his *pro se* capacity is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|   November 7, 2012   |   */s/ David D. Dowd, Jr.*   |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |