# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06CR271 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDRE MARTIN, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on remand from the Sixth Circuit and concerns Defendant Andre Martin's request for a reduction in sentence under Section 404 of the First Step Act of 2018 ("First Step Act"). For the following reasons, the Court **GRANTS** Defendant's Motion.

The Court's previous Opinion and Order (Doc. 144) highlights the necessary facts and law under the First Step Act. All parties agree that Defendant is eligible for a sentence reduction under the First Step Act. On remand, the Sixth Circuit directed this court to "determine the guidelines range and, considering all appropriate factors, determine whether and to what extent [Defendant] is entitled to relief under the First Step Act." *United States v. Martin*, 817 Fed. App'x 180, 184 (6th Cir. June 16, 2020).

The Court followed that directive and Ordered the Probation Department to prepare an updated Presentence Report. Probation filed its Report on September 18, 2020. After allowing time to do so, neither party objected.

The Report found Defendant to have a base offense level of 26. After certain adjustments, the total offense level became 25. Based on his criminal history, Defendant fell in Category V. As such, Probation found Defendant's advisory Guideline Range to be 100 to 125 months.[1] The Court agrees and adopts Probation's calculation.

Defendant has served over 173 months in prison. He has participated in and successfully completed multiple programs while incarcerated. But he does have a history of discipline reports while in custody, including incidents of violence. And recently, the Bureau of Prisons transferred Defendant to a high security facility due to an incident. According to the Report, Defendant is eligible for return to a medium security prison in July of 2021.

After a review of the necessary § 3553(a) factors, the Court **GRANTS** Defendant's Motion and reduces his Sentence to time served on both counts. Since the § 851 enhancement is no longer applicable, the Court amends its previous order and imposes a Supervised Release term of four years.[2] The Standard and Special Conditions of Supervised Release previously imposed shall remain in effect. The Court orders Defendant to pay the United States a special assessment fee of $200.00, which shall be due immediately.

In addition, the Court does have concerns about Defendant's immediate release to the community after being in highly regulated confinement. Furthermore, Defendant's proposed living situation is instable. To protect against Defendant's recidivism, the Court imposes the special condition of a six-month term at a halfway house.[3] Placement at a halfway house will

---

[1] While Defendant's original sentence was enhanced under 21 U.S.C. § 851, that enhancement is no longer applicable to Defendant after the First Step Act. (*See* Doc. 152, PageID: 1143, ¶ 9).

[2] The Court imposes a four-year term as to Count 2, and a three-year term as to Count 3, to be served concurrently.

[3] The Court waives any subsistence fee Defendant may have to pay while at the halfway house so that Defendant can save money for his own housing.

allow for both continued structure and monitoring, while assisting the Defendant as he adjusts to living in the community.

    **IT IS SO ORDERED.**

                                                        s/ Christopher A. Boyko
                                                       **CHRISTOPHER A. BOYKO**
                                                       **Senior United States District Judge**

**Dated: November 16, 2020**